James M. Green, Bar No. 032211
Quarracy L. Smith, Bar No. 033515
**Smith & Green, Attorneys at Law, P.L.L.C.**
3101 N. Central Ave., Suite 700
Phoenix, Arizona 85012
Telephone: (602)-812-4600
qsmith@smithgreenlaw.com
jgreen@smithgreenlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sylvia Garcia, an individual, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Arizona Pediatric Dentistry & Orthodontics, LLC, an Arizona Limited Liability Company, Usha Kapur, an individual, Aman Kapur, an individual, and John Doe, as Trustee of the Kapur Trust, | Jury Trial Demanded |
| Defendants. | |

Sylvia Garcia, ("Plaintiff" or "Mrs. Garcia") by and through undersigned counsel, brings this action against Arizona Pediatric Dentistry & Orthodontics, LLC, Usha Kapur, Aman Kapur, and the Trustee of the Kapur Trust  for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq*. and related Arizona wage laws, A.R.S. §§ 23-351, 23-355. Defendants routinely required Plaintiff and other hourly

1

employees to work more than 40 hours in a workweek but paid only the regular hourly

rate and no time-and-a-half premium for hours worked in excess of 40-hours in a week.

## JURISDICTION, PARTIES, AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, because this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. , a federal law.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USCS § 1367, as they arise from the same case or controversy as the federal claims. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

4. Plaintiff, at all times material hereto, resided in Maricopa County, Arizona.

5. Defendant Arizona Pediatric Dentistry & Orthodontics, LLC, at all times material hereto, is an Arizona limited liability corporation operating within the state of Arizona.

6. Defendant Usha Kapur, at all times material hereto, resided in Maricopa County, Arizona.

7. Defendant Aman Kapur, at all times material hereto, resided in Maricopa County, Arizona.

8. Defendant John Doe, at all times material hereto, resided in Maricopa County,

Ariozna.

9.  Defendants have caused acts out of which this lawsuit arose to occur in Maricopa County, Arizona.

## STATEMENT OF FACTS

10. Defendant Arizona Pediatric Dentistry & Orthodontics, LLC is an "employer" within the meaning of the FLSA and A.R.S. § 23-350.

11. Defendant Usha Kapur is an "employer" within the meaning of the FLSA and A.R.S. § 23-350, as she acted directly and indirectly in the interest of Defendant Arizona Pediatric Dentistry & Orthodontics, LLC, and had the power to hire employees, fire employees, supervise employees, manage employee work schedules, determine the rate and method of payment for employees, maintained employment records, and had operational control over significant aspects of the business.

12. Defendant Usha Kapur is an "employer" within the meaning of the FLSA and A.R.S. § 23-350, as he acted directly and indirectly in the interest of Defendant Arizona Pediatric Dentistry & Orthodontics, LLC, and had the power to hire employees, fire employees, supervise employees, manage employee work schedules, determine the rate and method of payment for employees, maintained employment records, and had operational control over significant aspects of the business.

13. Plaintiff was employed by Defendants from July 7, 2006 to July 19, 2025.

14. Plaintiff's most recent rate of pay was $27.00 per hour.

15. Plaintiff regularly worked over 40 hours per week, often working over 50 hours per week.

16. Plaintiff was an "employee" of Defendants within the meaning of the FLSA and A.R.S. § 23-350.

17. Despite working more than 40 hours per week, Plaintiff was not paid overtime at the rate of one and one-half times her regular rate for hours worked over 40 in a workweek.

18. Defendants paid Plaintiff only her regular hourly rate of $27.00 for all hours worked, including those hours over 40 in a workweek.

19. Defendants employed other hourly employees who, like Plaintiff, regularly worked more than 40 hours per week but were not paid overtime wages as required by law.

20. Defendants failed to maintain accurate records of the overtime hours worked by Plaintiff and other similarly situated employees.

21. Defendants' failure to pay overtime wages was willful, as evidenced by the systematic nature of the violations over an extended period.

## CAUSES OF ACTION

**Count I: Violation of the Fair Labor Standards Act (FLSA) (29 U.S.C. § 206 *et seq.*)**
**Failure to Pay Overtime in Violation of 29 U.S.C. § 207**

22. Plaintiff realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

23. Defendants were employers pursuant to 29 U.S.C. 203(d) and Defendant Arizona Pediatric Dentistry & Orthodontics, LLC was an enterprise employer engaged in commerce or the production of goods for commerce.

24. Defendants operated a dental practice that purchases and uses equipment, supplies,

and materials manufactured outside of Arizona, accepts payments from patients and insurance companies across state lines, and engages in interstate commerce.

25. At all relevant times, Defendants have been, and continues to be, subject to the wage provisions of the FLSA because its employees were, in any workweek, engaged in commerce.

26. Defendants failed to pay Plaintiff overtime wages at a rate of one and one-half times her regular rate for hours worked over 40 in a workweek.

27. Plaintiff regularly worked over 40 hours per week, often working over 50 hours per week, but was paid only her regular hourly rate of $27.00 for all hours worked, including those over 40 in a workweek.

28. Defendants willfully failed to comply with the FLSA by intentionally failing to pay Plaintiff one and a one-half times for the work she performed over 40 hours during her work weeks.

29. Defendants' failure to pay overtime wages continued over many years, demonstrating a deliberate and intentional disregard for the requirements of the FLSA.

30. Defendants' failure to pay overtime wages continued over many years, demonstrating a deliberate and intentional disregard for the requirements of the FLSA.

**Count II: Violation of the Fair Labor Standards Act**
**Recordkeeping Requirements in Violation of 29 U.S.C. § 211**

31. Plaintiff realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

32. Defendants failed to make, keep, and preserve adequate and accurate records of

Plaintiff's wages, hours, and other conditions of employment as required by the FLSA and its regulations.

33.  Defendants failed to properly record and maintain records of the overtime hours worked by Plaintiff and the proper overtime compensation due.

### Count III: Violation of Arizona Wage Act
### Failure to Pay All Wages Due in Violation of A.R.S. § 23-355

34.   Plaintiff realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

35.  Defendants were an "employer" pursuant to A.R.S § 23-350(3).

36.  Plaintiff was an "employee" pursuant to A.R.S § 23-350(2).

37.  Defendants failed to pay Plaintiff all wages due.

38.  Defendants failed to pay Plaintiff overtime wages at the rate of one and one-half times her regular rate for hours worked over 40 in a workweek, as required by law.

39.  Defendants' failure to pay all wages due was willful.

40.  Defendants' failure to pay all wages due continued over many years, demonstrating a deliberate and intentional disregard for Arizona wage laws.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief from Defendants:

    A.  Certification of this case as a collective action under 29 U.S.C. § 216(b) for the FLSA claims and as a class action under Rule 23 of the Federal Rules of Civil Procedure for the Arizona state law claims;

    B.  Designation of plaintiff as class representative and counsel as class

counsel;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and Arizona wage laws;

D. An award of unpaid overtime wages due under the FLSA and Arizona law;

E. An award of liquidated damages pursuant to 29 USCS § 260 and 29 USCS § 216;

F. An award of treble damages pursuant to A.R.S. § 23-355.

G. An award of prejudgment and post-judgment interest as provided by law;

H. An award of costs and expenses of this action, together with reasonable attorneys' fees pursuant to 29 USCS § 216 and Arizona law;

I. An injunction requiring defendant to cease and desist from its violations of the FLSA and Arizona wage laws pursuant to 29 USCS § 217; and

J. Any such relief as this Court deems just and proper.

<u>**JURY TRIAL DEMAND**</u>

The Plaintiff respectfully requests a jury trial on all of the facts raised in this Complaint.

**RESPECTFULLY SUBMITTED** this 5th day of December, 2025.

SMITH & GREEN
Attorneys at Law, P.L.L.C.

*/s/James M. Green*
James M. Green
*Attorney for Plaintiff*